UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE DOE,                          )<br>           Plaintiff         )<br>                                    )<br>v.                                  )<br>                                    )<br>WORD OF LIFE FELLOWSHIP, INC., et al. )<br>           Defendants         )<br>                                    ) | No. 11-cv-40077 |

## MOTION FOR LEAVE OF COURT TO PERMIT DEFENDANT TO PROCEED UNDER PSEUDONYM

Now comes defendant S. B. in the above-entitled action and moves this Court for leave to permit him to proceed under a pseudonym to protect his true identity, on the following grounds:

1)      Defendant disputes the plaintiff's allegations of intentionally tortious criminal conduct. Plaintiff's allegations were never investigated, prosecuted, or established in any court or proceeding.  Plaintiff's allegations are unproven, ten years after the alleged criminal conduct occurred.  The allegations involve disclosure of an intimate sexual relationship between plaintiff and defendant, which defendant contends was of a consensual nature between two adults, for which privacy is warranted.  Use of defendant's true name in this lawsuit would have a serious impact on his life and on the lives of his family members, while proceeding under a pseudonym would protect the privacy rights of defendant and his family. Proceeding under a pseudonym to protect a privacy interest is permitted under the authority of Doe v. Governor, 381 Mass. 702, 705 (1980) and Jaffe v. Sharp, 463 F.Supp. 222 (D. Mass. 1978).  See, e.g., Hingham Mutual Fire Ins. Co. v. Smith, 69 Mass. App. Ct. 1 (2007) and Horace Mann Ins. Co. v. Doe, 2 Mass. L. Rep. 148 (1994), where pseudonyms were used for all persons who were parties, in cases which involved allegations of sexual misconduct.

2)     The request for proceeding under a pseudonym was permitted for the plaintiff in this action in State Court.  As plaintiff represented to the Court in her request, the parties hereto are private persons and the public has no overriding interest in this action.  To permit plaintiff to make serious allegations of criminal, intentionally tortious misconduct under the protection of a pseudonym without providing the same protection to defendant for so long as the allegations remain unproven would be fundamentally unfair.

3)     The identity of defendant S. B. is known to plaintiff and to the co-defendant Word of Life Fellowship, Inc., and permitting him to proceed under a pseudonym will not cause prejudice to any party.

     For all the foregoing reasons, defendant S. B. requests that his Motion for Leave of Court to Permit Defendant to Proceed Under Pseudonym be Allowed.

4/15/11

Defendant, S. B.,
By his attorneys,
CURLEY & CURLEY, P.C.

Lisabeth Ryan Kundert
Lisabeth Ryan Kundert, Esq., BBO# 549155
Robert A. Curley, Jr., Esq., BBO# 109180
27 School Street, 6th Floor
Boston, MA 02108
617-523-2990
lrk@curleylaw.com

I hereby certify that a true copy of the above document was served on the attorneys of record for each party electronically. 4/15/11

Lisabeth Ryan Kundert
Lisabeth Ryan Kundert, Esq.