UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
JANE DOE, )
    Plaintiff, )
)
    v. ) Case No. 11-40077-TSH
)
WORD OF LIFE FELLOWSHIP, INC., et al. )
    Defendants )
)

# FINDINGS AND ORDER ON DEFENDANT'S
# MOTION TO PERMIT DEFENDANT TO PROCEED UNDER
# PSEUDONYM (DOCKET NO. 7) AND MOTION FOR AN ORDER TO IMPOUND
# OR IN THE ALTERNATIVE FOR A PROTECTIVE ORDER (DOCKET NO. 8)
# July 18, 2011

**HILLMAN, M. J.**

## Introduction

The Plaintiff, Jane Doe[1] ("Doe"), alleges that the Defendant, Stephen Bowen ("Bowen"), sexually abused her. She also alleges that Word of Life Fellowship ("WOL"), a religious organization in New York, negligently hired Bowen in a supervisory capacity over minors. Doe filed suit in Worcester Superior Court on March 7, 2011. The case was removed to this Court. The Defendant has filed two motions: a Motion to Permit Defendant to Proceed under Pseudonym (Docket No. 7) and a Motion for an Order to Impound or in the Alternative for a Protective Order (Docket No. 8). For the reasons set forth below, the motions are **denied**.

## Background

Doe alleges that in the late fall of 2000, Bowen began sexually abusing her. (*Compl.* at ¶10). Doe was seventeen, and Bowen was forty one at the time the alleged abuse began. (*Compl.* at ¶¶13-15). The abuse continued for twelve months and ended when the relationship was

---

[1] The Plaintiff was authorized to proceed with a pseudonym in Worcester Superior Court on March 7, 2011, prior to the removal of the case to this Court.

discovered by Doe's parents. (*Id*.) During the period of the alleged assaults, Bowen served as a Deacon at the Temple Baptist Church in Cherry Valley, Massachusetts where Doe's family attended church services and as a Program Director for the WOL Student Training Corps program attended by Doe and other minors. (*Compl.* at ¶¶6, 7).

Doe alleges that Bowen used his position as her "supervisor, spiritual leader, and mentor" to manipulate her emotionally, physically, and mentally and that the manipulation made the sexual contact appear to be consensual. (*Compl.* at ¶16).

## **Discussion**

### *1.  Motion for Leave of Court to Permit Defendant to Proceed Under Pseudonym*

Bowen asserts that unless his identity is concealed, the allegations of sexual assault would be harmful to both his family and his reputation. He argues that pseudonymity should be granted because: 1) the Plaintiff's allegations were never investigated, prosecuted, or established in any court or proceeding; 2) the Plaintiff was granted use of a pseudonym and denying Bowen's request would be "fundamentally unfair"; and 3) the use of a pseudonym would not cause any prejudice to the parties. Bowen also moves for an Order to Impound the case or in the alternative, for a Protective Order pursuant to F.R.Civ.P. 52(e)(1) and (2), requesting the parties' true identities be redacted, and any non-party's access to the case be prohibited or limited.

As a general rule, the presumption is that all judicial proceedings remain open to the public. *Craig v. Harney*, 331 U.S. 367 (1947) (holding "[w]hat transpires in a courtroom is public property"). Courts do recognize that the use of pseudonyms is necessary in specific circumstances, but to overcome the presumption, litigants must show that they possess a "substantial privacy interest that outweighs the public's interest in disclosure." *Doe v. Prudential Insurance Co. of America*, 744 F.Supp.2d 40, 41 (D.R.I. 1990).

The U.S. Supreme Court has yet to set a standard to determine when the use of a pseudonym is proper, and the Circuits have created various discretionary factor tests to balance competing interests of public access and privacy. In *Doe v. Provident Life and Accident Ins. Co.*, the court set forth factors to determine whether or not to disclose a litigant's identity. 176 F.R.D. 464, 468-69 (E.D. Pa. 1997) (quoting Joan Steinman, *Public Trial, Pseudonymous Parties: When Should Litigants be Permitted to Keep Their Identities Confidential?*, 37 Hastings L.J. 1, 39-43 (1985)). These factors, when assessed based on the particular facts of this case, do not overcome the public interest of preserving full disclosure of the defendant's identity.

First, Bowen believes anonymity is necessary to protect the privacy interests of himself and his family, as this case involves intimate sexual relations[2] between the parties. However, "[e]conomic harm or mere embarrassment are not sufficient to override the strong public interest in disclosure." *Doe v. Bell Atlantic Business Systems Servs., Inc.*, 162 F.R.D. 418, 420 (D.Mass. 1995). Though defendants' reputations in sexual assault cases are at stake, they can defend claims against themselves in a public forum. *Doe v. Kolko*, 242 F.R.D. 193, 196 (E.D.N.Y 2006).

Second, Bowen's assertion that the disclosure of his identity would have "serious impact" on his and his family's life is not "sufficiently particularized to overcome the public interest in open judicial proceedings." *Doe v. Smith*, 189 F.R.D. 239, 246 (E.D.N.Y.1998); *see also MacInnis v. Cigna Group Ins. Co. of Am.*, 379 F.Supp.2d 89, 90 (D.Mass. 2005) (citing *Doe v. Indiana Black Expo, Inc.*, 923 F.Supp. 137, 140 (S.D.Ind. 1996)). The First Circuit has stated that "[o]nly the most compelling reasons can justify the non-disclosure of judicial records." *Polinquin v. Garden Way, Inc.*, 989 F.2d 527, 533 (1st Cir. 1988) (citing *FTC v. Standard Financial Management Corp.*, 830 F.2d 404, 410 (1st Cir. 1987)); *see also Siedle v. Putnam*

---

[2] Bowen admits to sexual contact, but contends they were consensual in nature.

*Investments, Inc.*, 147 F.3d 7, 10 (1st Cir. 1998) ("The mere fact that judicial records may reveal potentially embarrassing information is not in itself sufficient reason to block public access").

Third, Bowen states that there is no great public interest in the matter at hand; however the allegations of sexual assault of a minor is of public interest. *See Globe Newspaper*, 14 Mass. L. Rep. at 315, *26 (finding that "sexual abuse of children by members of the clergy is …a matter of immense public concern and of enormous community interest"). Bowen's former employment and leadership role in a religious organization paired with his current involvement in the tourism industry makes him of public interest. (*Motion Hearing,* 5/23/2011). This is particularly important due to his frequent present interactions with minors. (*Id.*)

Fourth, Bowen claims that the denial of a pseudonym would be "fundamentally unfair" because the plaintiff was afforded pseudonymity. This argument, however, is not supported by caselaw. *Doe v. Diocese Corp.*, 647 A.2d 1067, 1075 (Super. Ct. Conn. 1994) (noting "the fact that pseudonym status has been given to one party, does not mean that the other party is entitled to identical treatment. The Court must make its determination by weighing the request for anonymity of each party separately against the public interest in open access to the courts.").

Finally, the Motion to proceed under pseudonymity is moot. Prior to the commencement of the litigation, Doe disclosed the identity of Bowen to the Leicester Public Department (January 7, 2001) and the New York State Police (January 8, 2010). (*Plaintiff's Memo in Opposition*, n 2). This Court has held that previous disclosure of a party's identity made the motion to proceed anonymously ineffective. See *Doe v. Bell Atlantic Business Systems Servs.*, 162 F.R.D. 418, 422 (D.Mass. 1995) (indicating that the "plaintiff's true identity was revealed in administrative proceedings, [so] the request for anonymity is effectively moot"). Since Bowen's identity is already accessible to the public, permitting a pseudonym at this stage in the litigation

would not result in any more exposure than what already occurred. *Doe v. University of Rhode Island*, 28 Fed. R. Serv. 3d 366 (D.R.I. 1993) (plaintiff not permitted to proceed under pseudonym despite compelling reasons because plaintiff's identity was known due to related case).

Bowen also suggests a temporary pseudonym be used until his motion for summary judgment is filed and decided by this Court. (*Motion Hearing*, 5/23/2011). However, Bowen did not cite or reference any cases to support their contention that temporary pseudonymity is permitted pending resolution of a potential procedural impediment. (*Id.*) Further, granting temporary pseudonymity or sealing documents pending a decision by this Court continues to interfere with the public's interest in the identity of a defendant whose been accused of sexual abuse. *MP v. Schwartz*, 853 F.Supp. 164, 166-168 (D.Md. 1994). Courts have, however, assessed the validity of the claims against a defendant as a factor to determine if a pseudonym is proper, but the claims must be so weak to overcome the public interest. *MP v. Schwartz*, 853 F.Supp. at 164 (stating that defendant pseudonymity can be granted if "reliability [of claims] are less than firm"); *see also Roe v. Borup*, 500 F.Supp. 127 (E.D. Wis. 1980) (permitting pseudonym when false child abuse claims were asserted against parents of a minor child). Because defendants have the ability in court to defend the claims asserted against him, vindication is achieved upon dismissal of claims or exoneration of Bowen. *T.S.R. v. J.C.*, 671 A.2d 1068, 1076 (N.J. Super 1996) (explaining that "[if] allegations are baseless … public proceedings are, in part, designed to lead to public exoneration").

Accordingly, Defendant's Motion to Permit Defendant to Proceed under Pseudonym is denied.

*2.    Defendant S.B.'s Motion for an Order to Impound on In the Alternative for a*

   *Protective Order*

Pursuant to F.R.Civ.P. 5.2(e)(1) and (2), the defendant must show good cause in order for documents in a public proceeding to be impounded. The defendant has failed to do so. Accordingly, Defendant S.B.'s Motion for an Order to Impound or in the Alternative for a Protective Order is denied.

## CONCLUSION

For the foregoing reasons, the defendant's: 1.) Motion to Permit Defendant to Proceed under Pseudonym (Docket No. 7); and 2.) Motion for an Order to Impound or in the Alternative for a Protective Order (Docket No. 8) are **denied**.

/s/Timothy S. Hillman
TIMOTHY S. HILLMAN
U.S. MAGISTRATE JUDGE